## THE LAURA.

### NORIEA et al. v. CASTELLANO.

#### (Circuit Court of Appeals, Fifth Circuit. June 1, 1897.)

#### No. 573.

SALVAGE COMPENSATION.
  An award of $400 for the services of a tug, consuming 16 hours, in pulling a bark from the mud at the mouth of one of the passes of the Mississippi river, said amount to go, five-eighths to the tug's owners, and the remainder to the crew, in proportion to their wages, *held*, on appeal, to have been proper both as to the amount and its distribution.

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

This was a libel in admiralty by Nicholas Noriea and others, members of the crew of the towboat Elmer E. Wood, against the Italian bark Laura and her cargo, to recover compensation for alleged salvage services. Subsequently the Gulf Towing Company, a corporation owning the towboat Elmer E. Wood, filed an intervening libel also set-

ting up a claim of salvage against the bark in respect to the same transaction. The services in question consisted of a trip by the tug from Port Eads to where the bark was ashore in the mud of Pass L'Outre, and pulling that vessel off, and towing her from there to Port Eads; the time consumed being 16 hours. The claimants of the bark set up an alleged agreement whereby the tug was to receive $25 an hour if successful. The time consumed in the operation was 16 hours, and the district court gave a decree for the sum of $400, of which five-eighths, or $250, was awarded to the owner, and the remaining $150 was divided among the crew in proportion to their salaries or wages. From this decree several of the original libelants appealed, an order of severance having been granted in respect to the others and to the intervening libelant.

John D. Grace, for appellants.

Girault Farrar, Hunter C. Leake, and Gustave Lemle, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and NEWMAN, District Judge.

PER CURIAM. The errors assigned relate wholly to the proper exercise of the judgment and discretion of the trial judge in determining the amount of salvage and the apportionment of the same between salving vessel and crew. As we are not prepared to say that in regard to either there was any violation of well-recognized admiralty rules and principles, the decree appealed from is affirmed.